UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR INWAY, INC.,
a Delaware corporation,

        Plaintiff,

vs.                              Case No. 3:17-cv-815-J-34JRK

GVR TRANSPORT, LLC,
a Colorado limited liability company,

        Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

Plaintiff Landstar Inway, Inc. (Landstar) originally filed this lawsuit in the Fourth Judicial Circuit Court in and for Duval County, Florida. See Complaint (Doc. No. 2; Complaint) at 1. On July 18, 2017, Defendant GVR Transport, LLC (GVR) filed a Notice of Removal (Doc. No. 1; Notice) notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and

purporting to set forth the facts establishing that the Court has jurisdiction over this action. See Notice at 2-4. Specifically, GVR asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. See id. at 2-3. In support of this assertion, GVR states that it "was and is a Colorado limited liability company. Further, [GVR] has its principal place of business in Denver, Colorado and thus it is domiciled in the state of Colorado." Id. at 3. As such, GVR relies on 28 U.S.C. § 1332(c)(1) to maintain that it is a citizen of Colorado. Id. at 3. The problem with this allegation, however, is that GVR is identified as a limited liability company (LLC), not a corporation, which GVR acknowledges in the Notice. See id. ("[GVR] was and is a [] limited liability company . . ."). GVR cannot be both a limited liability company and a corporation. Moreover, because the requirements for demonstrating the citizenship of a limited liability company and a corporation are different, the Court cannot determine GVR's citizenship from the assertions in the Notice.

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). A corporation, on the other hand, "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at

1021-22; 28 U.S.C. § 1332(c)(1). Here, as GVR is denominated as an LLC, but alleges jurisdiction as if it is a corporation, the Court is unable to determine GVR's citizenship. As such, clarification is necessary to establish this Court's diversity jurisdiction. First, GVR must specify whether it is an LLC or a corporation. If, despite its name, GVR is a corporation, the Court can determine that GVR is a citizen of Colorado based on the information contained in the Notice. However, if GVR is – as it appears to be – an LLC, GVR must establish the citizenship of each of its members.[1] Therefore, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.

In light of the foregoing, the Court will give GVR[2] an opportunity to demonstrate that the Court has subject matter jurisdiction over this case. Accordingly, it is

**ORDERED**:

Defendant GVR Transport, LLC shall have up to and including **August 7, 2017**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on July 20, 2017.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

---

[1] GVR is advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

lc24

Copies to:

Counsel of Record